IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 10-cv-00673-CMA

COLORADO MILLS LLC,
a Colorado Limited Liability Company,

    Plaintiff,

v.

SUNRICH, LLC,
a Minnesota Limited Liability Company, and
COLORADO SUN OIL PROCESSING LLC,
a Colorado Limited Liability Company

    Defendants.

## ORDER REMANDING CASE

This matter comes before the Court *sua sponte*.

On March 16, 2010, Plaintiff sued Defendants in Prowers County District Court, Colorado. Plaintiff seeks judicial dissolution, prejudgment attachment, and appointment of an arbitrator in connection with Defendant Sun Oil Processing LLC ("Sun Oil"), a joint venture gone badly between Plaintiff and Defendant Sunrich LLC ("Sunrich"). (Doc. # 1-1.) Plaintiff and Sun Oil are Colorado citizens. Sunrich is a citizen of Minnesota.

On March 22, 2010, Sunrich removed the case to this Court under 28 U.S.C. § 1441 and 9 U.S.C. § 205, asserting federal question jurisdiction under 28 U.S.C. § 1331 and 9 U.S.C. § 203. (Doc. # 1.) Sunrich argues the Court has federal question

jurisdiction because the case is covered by the New York Convention (the "Convention") – formally known as the Convention on the Recognition and Enforcement of Foreign Arbitral Awards.[1] It is true, as Sunrich avers, that if the arbitration clauses[2] in the Joint Venture Agreement (the "Agreement") fall under the Convention, then the Court would have federal question jurisdiction under 9 U.S.C. § 203.[3] Thus, the question of jurisdiction turns on whether the Convention applies to the parties' Joint Venture Agreement.[4]

As the party asserting the Court's jurisdiction, Sunrich bears the burden of establishing it.[5] Sunrich's argument in this respect can be summed up by reference to one paragraph in its Notice of Removal: "The arbitration clauses contained in the Joint Venture Agreement made between Colorado Mills – a U.S. corporation – and Sunrich –

---

[1] For more on the Convention, see *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 958-60 (10th Cir. 1992).

[2] (Doc. # 1-2 at 12, § 8.05(f) and 13, § 9.02.)

[3] 9 U.S.C. § 203 states in part that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."

[4] The Convention and implementing provisions of the Federal Arbitration Act in essence set forth four basic requirements for the enforcement of arbitration agreements under the Convention: (1) there must be written agreement, (2) it must provide for arbitration in the territory of the signatory of the convention, (3) the subject matter must be commercial, and (4) the agreement cannot be entirely domestic – that is, pertaining to the United States – in scope. 21 Richard A. Lord, Williston on Contracts § 57:55 (4th ed. updated 2009).

[5] *Karnes v. Boeing Co.*, 335 F.3d 1189, 1193 (10th Cir. 2003).

a wholly-owned subsidiary of a Canadian corporation – are subject to the New York Convention and the provisions of 9 U.S.C. § 201, *et. seq.*" (Doc. # 1 at 4, ¶ 6(n).)

Sunrich proceeds to this conclusion only after assuming that its parent company, SunOpta, Inc. ("SunOpta") can step into its shoes for purposes of jurisdiction. Sunrich, an American company, apparently does this because the Convention typically applies only to agreements between parties from separate countries. Thus, it serves Sunrich's objective – federal question jurisdiction – to have the Agreement be between an American company (Plaintiff) and a foreign one: Canadian-based SunOpta. The Agreement, however, was signed not by the Canadian parent, SunOpta, but rather its American subsidiary, Sunrich. Defendant's removal petition essentially raises a very basic question. Is the Canadian parent a party to, or otherwise bound by, the contract signed by its subsidiary?[6] However, Sunrich makes no attempt to substantively address this question. Instead, Sunrich summarily asserts that the answer is "yes" and then proceeds to assert that the Joint Venture Agreement – now between an American plaintiff and Canadian defendant – falls under the jurisdiction of the Convention.

---

[6] Or, regardless of who is a party to the contract, Sunrich could have argued that the contract is "reasonably related" to Canada – via Sunrich's relationship with SunOpta – and thus the Convention applies. *See* 9 U.S.C. § 202. ("An agreement . . . between citizens of the United States shall be deemed not to fall under the Convention unless that relationship . . . has some . . . *reasonable relation* with one or more foreign states." (emphasis added); *also see, e.g., Ensco Offshore Co. v. Titan Marine L.L.C.*, 370 F. Supp. 2d 594, 597 (S. D. Tex. 2005) ("the Convention can apply to an agreement between two American entities as long as the agreement is reasonably related to a foreign state."). However, because Sunrich never made this argument, aside from this footnote the Court does not consider it.

Not only is the Court not persuaded by Sunrich's maneuvering, but also, the legal authority relied upon by Sunrich does not help its cause. Offered without analysis and in string citation form, the cases on which Sunrich relies are distinguishable from the facts of this case.[7] None of the cases cited by Sunrich involve analogous parties – that is, two parties from the same country (here, United States), in which the removing party is a subsidiary to a foreign parent company, thereby presenting a theory under which the Convention may apply to an agreement between the parties. *See Bergesen v. Joseph Muller Corp.*, 710 F.2d 928, 932 (2d Cir. 1983); *see also Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1441 (11th Cir. 1998); *Sarhank Group v. Oracle Corp.*, 404 F.3d 657, 658 (2d Cir. 2005); *Flexi Van Leasing, Inc. v. Through Transp. Mut. Ins. Ass'n*, 108 Fed. Appx. 35, 40 (3d Cir. 2004); *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002).

It is possible the Court has failed to grasp some finer point of law or to extract from these cases an elusive principle – perhaps directly on-point to these facts; the Court, however, is not the party asserting jurisdiction. That party is Sunrich.[8]

---

[7] None of the cases are from the Tenth Circuit or Supreme Court. Thus, they present only persuasive authority.

[8] The Court perceives an attempt by Sunrich to inject a federal question into an action that asserts what is plainly a state-law claim, and thereby transform this case into one arising under federal law. Doing so would violate the principle that the plaintiff, as master of its claims, gets its choice of forum. *See Karnes v. Boeing Co.*, 335 F.3d 1189, 1193 (10th Cir. 2003); *also see, e.g., Warner Bros. Records, Inc. v. R. A. Ridges Distributing Co., Inc.*, 475 F.2d 262, 264 (10th Cir. 1973) ("It is for the plaintiffs to design their case as one arising under federal law or not, and it is not within the power of the defendants to change the character of plaintiffs' case by inserting allegations in the petition for removal. It is fundamental that the action is not one arising under federal law where the federal question is supplied by way of defense.").

Given the presumption against removal[9] and given also that removal statutes are strictly construed, with all doubts resolved against removal,[10] the Court must err in favor of remand. Accordingly, because Defendant has failed to persuade the Court that it has jurisdiction over this case, the Court REMANDS this case to Prowers County District Court, Colorado.

DATED: April  2 , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[9] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("there is a presumption against removal jurisdiction.").

[10] *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).